## NELSON HOWELL *v.* DAVID H. GOULD.

BOCKES, J.—This is an appeal from the judgment of the General Term, affirming the judgment of the Special Term entered on the verdict of a jury. The Plaintiff in his complaint alleged that his assignor entered into a contract with the Defendant for the purchase of six lots in the city of Brooklyn, and for the erection of buildings thereon, the Defendant agreeing to make advances therefor; that pursuant to such agreement he entered upon the lots, commenced the erection of the buildings, furnished materials for the same, and partly completed them, when the Defendant refused to make advances, or to carry out the contract as he had agreed, refused to permit further performance, and dispossessed the contractor of the premises and property. The Defendant admitted the contract, averring that it was in writing, and alleged breaches on the part of the contractor, and forfeiture by reason of non-performance, and also averred payment to the extent of all claims thereon due, and asked as affirmative relief that the agreement be annulled and adjudged cancelled. On the trial the parties gave evidence in support of their claims, respectively, as set forth in the pleadings. The jury found in favor of the Plaintiff, and assessed his damages at $4,277.36. The evidence was conflicting. According to the testimony of the Plaintiff's witnesses, the contractor performed his agreement so far as he was permitted by the Defendant, except, perhaps, in some unimportant particulars, as to which there was evidence of waiver by the latter. According to the proof adduced by the Defendant, the contractor was in fault from the first, having omitted performance in almost every particular required of him by the terms of the agreement. Under this conflict of evidence, the case was a proper one for the determination of the jury; and with their verdict the parties must be content, in the absence of any erroneous instruction or ruling by the Court, bearing on the question of fact which it was their duty to decide.

The case fails to disclose any error in the charge of the judge to the jury. No exception was taken to the charge, nor was any instruction asked for which was not given.

At the commencement of the trial the Defendant moved the Court for a dismissal of the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The motion was properly denied. The complaint set forth a valid agreement, and both non-performance and refusal to perform by the Defendant was averred, with consequent damages. If not sufficiently specified in any particular, the remedy of the Defendant was by a special notice before answer, under section 160 of the Code of Procedure.

When the Plaintiff rested, the Defendant, by his counsel, again moved for a dismissal of the complaint, on the ground that the Plaintiff had not alleged or shown ability to perform the contract on the part of the contractor. This motion was also properly denied. As the case then stood on the evidence, the jury would have been authorized to find that the contractor had performed on his part, except in so far as he was excused, or was prevented from performing, by the Defendant.

Again, at the close of the case, the Defendant moved to dismiss the complaint, because it did not appear that the Plaintiff (the contractor) was able, ready, or willing to perform the contract on his part, and that it did appear from the evidence that he wholly neglected or refused, and was unable so to do prior to the alleged breach by the Defendant. To have granted this motion would have been manifest error. As the case then stood on the evidence, the grounds of dismissal involved questions of fact not in the province of the Court to determine. If, as the evidence on the part of the Plaintiff tended to prove, the Defendant refused to perform on his part, and actually prevented performance by the contractor, it was unnecessary for the latter to show readiness or willingness to perform on his part. It was enough if the Defendant himself prevented further performance; and as regards the latter ground stated, it was certainly a question for the jury, on the whole evidence, whether the contractor had neglected or refused perform-

ance on his part.   There was no error in the refusal by the Court to dismiss the complaint.

Exceptions were taken to the rulings of the learned judge as to the admissibility of evidence.   But the consideration of these questions, and the conclusion arrived at in the Supreme Court, as given in the opinion of Judge Lott, are quite satisfactory.

,   The judgment should be affirmed, with costs.

All concurred.

Affirmed.

JOEL TIFFANY,
State Reporter.
